No. 3706

(Court of Appeal, Parish of Orleans.)

JOHN ALSINA vs SAMUEL F. HEASLIP.

Appeal from Civil District Court, Division "C."

B. R. Forman, for Plaintiff and Appellee.

Rouse, Grant and Grant, for Defendant and Appellant.

1. Plaintiff's mule being injured through the fault of the defendant, the latter took charge of the animal and undertook to cure it. The mule finally recovered from its injuries but subsequently died of pneumonia whilst still in defendant's custody.

Neither its recovery from its injuries not its subsequent illness, nor its death, was ever reported to the plaintiff; nor at no time was the mule ever tendered to the plaintiff. Held, that defendant voluntarily assumed all risks after the mule recovered from its injury, and as he never tendered the animal to the plaintiff after that period, he is responsible for its value.

MOORE, J. Plaintiff sues to recover the value of a mule injured by a float owned by defendant and which was driven by one of his employees.

The defence is a general denial, coupled with a demand in reconvention in a sum aggregating $264.00 for services rendered by the defendant in "feeding, keeping and veterinary attention" to the injured mule, and for the use of defendant's mule by plaintiff during the period when the latter's mule was being treated for the injury sustained.

There was judgment for plaintiff for $150.00 and rejecting the reconventional demand.

From this judgment the defendant appeals, plaintiff joining therein and praying for an increase of the damages awarded.

There is no controversy over the fact that the injury to plain-

336

tiff's mule was caused by the fault of the defendant's servant, and that, therefore, the defendant is answerable in damages. The contention of the defendant is, however, that the damages awarded exceeds the proven value of the mule, and that in any event he should recover on his reconventional demand.

The mule was injured on the 2nd day of September, 1904; its right fore foot, or hoof, being struck by the wheel of defendant's float.

It was at once unhitched from the wagon to which it was harnessed and led to the place of business of plaintiff. On the same day, and instantly he heard of the accident, defendant sent the ambulance to the plaintiff in order to bring, as it did, the injured mule to his (defendant's) stables, where he had, for employment in his business, over 200 head of mules and in constant service an experienced veterinarian.

Pending treatment defendant delivered to plaintiff a mule from his own stables to take the place and to do the service, of the injured animal.

On the 27th of October, 1904, whilst the mule was still in defendant's custody and under treatment, and whilst defendant was still employing and using defendant's mule, the former instituted this suit claiming damages at $300.00, the alleged value of the mule, on the ground that its injuries were permanent and the animal unfitted for further service.

The answer was filed on the 15th of November, 1904, the averment, *inter alia,* being that the mule would be entirely cured in "about 10 days thereafter," and that it would be returned to plaintiff in as sound a condition as it was when the accident occurred.

The case came to trial in the following January when it was shown, to the surprise of plaintiff, that the mule had died some time during the month of December.

The defendant claimed, however, that the mule had been cured of, and had entirely recovered from, the injuries caused by defendant's float since the 28th of November, 1904, and that its subsequent death had been caused by pneumonia, for which he was not responsible.

If the mule had in fact recovered from the injuries it had sustained, it was the duty of plaintiff to have at once returned the animal to its owner. This he never did, nor did he at any time offer to return it or tender it back to the plaintiff.

So again, when the mule took sick after its recovery from the injury it was likewise his duty to have notified plaintiff of that fact so that the latter might himself have seen to the cure of the animal by calling in, if he so choose, his own veterinary doctor, so, at least, to have had an opportunity of discovering by his own veterinarian's diagnosis whether the pneumonia, which it is claimed the mule had, was superinduced or aggravated by the injuries it had sustained. This duty the defendant did not discharge. Indeed the plaintiff learned for the first time on the trial of the cause, and through defendant's testimony then administered, that the mule had been cured and that it had since died.

Inasmuch as the defendant did not discharge these duties he must be regarded as having voluntary assumed all risks and he is therefore liable for the value of the animal which died in his custody.

The evidence satisfies us, however, that the mule was not worth anything like $150.00.

The plaintiff, after telling several different tales as to the price which he paid for the mule, finally settles upon the statement that "a planter down the river" owed him, for over a year, $150.00; that this debt was finally liquidated by the planter, receiving from plaintiff two old mules which he valued at about $40.00 or $50.00 a piece, and transfering to him the mule in question.

Witnesses, reliable and intelligent, and experienced in such

338

matters, testify that the mule was "sweeny;" that is to say, that it had a wasting of the shoulder muscles, causing lameness; that it was old, and that its value did not exceed $80.00, some witnesses fixing it as low as $60.00.

A liberal average would be $100.00, and this amount we will allow plaintiff.

There is no merit in defendant's reconventional demand. It is made quite clear that the mule which he delivered to plaintiff for use during treatment of the latter's mule was loaned to him and not hired. It was never intended to be charged for; and the care and services which he rendered to the injured mule was influenced with a view of minimizing damages.

As a general rule, we are not prone to reduce the quantum of damages assessed by a jury or by the trial judge unless manifestly excessive, but under the peculiar circumstances of the case and the great preponderance of evidence establishing the value of the animal, we are constrained to reduce the amount allowed.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and the same is hereby amended by reducing the damages allowed from one hundred and fifty dollars to the sum of one hundred dollars, and as thus amended the judgment is affirmed.